IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-78,789-02






EX PARTE COLEMAN NICHOLS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2005-1898-E IN THE 367TH DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to burglary of a
habitation, and was sentenced pursuant to a plea agreement to five years' imprisonment. 

 Applicant alleges, inter alia, that he received ineffective assistance of trial counsel in this
case, rendering his guilty plea involuntary. Applicant specifically alleges that trial counsel told him
that no further charges would be brought against Applicant stemming from the events occurring on
the date of this offense if he pleaded guilty to this offense. After his plea in this case, Applicant was
charged with a second offense occurring on the same date as this offense. Applicant pleaded guilty
to the second offense, based on trial counsel's advice that the State could not be held to its agreement
because it was not set out in writing. On October 3, 2012, the trial court held a habeas hearing at
which it heard testimony and arguments. Following the hearing, the trial court made findings of fact
and conclusions of law. The trial court recommended that relief be granted in this case, concluding
that Applicant's trial counsel was ineffective for failing to have both offenses handled together.

 The trial court's findings, conclusions and recommendation are not entirely supported by the
record. Applicant has not demonstrated that his belief that he would not be prosecuted for an
additional charges as a result of his plea to this charge was the result of trial counsel's
representations. Although the record does show that counsel advised him after he pleaded guilty
in this case that the State was unlikely to pursue additional charges, and that this advice was
incorrect, Applicant has not shown that trial counsel induced him to plead guilty based on such
assurances. Nor has Applicant demonstrated that he would have received the same plea offer from
the State for all pending charges, had he insisted that they be resolved in a single proceeding. 
Alternatively, Applicant has not demonstrated that but for counsel's alleged errors, he would not
have pleaded guilty but would have insisted on going to trial on these charges. Therefore, we deny
relief.

 

Filed: April 10, 2013

Do not publish